IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BAYERISCHE MOTOREN WERKE AG, | Case No. 26-cv-05274-CRB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| ZYNC INC., | |
| Defendant. | |

Bayerische Motoren Werke Aktiengesellschaft ("BMW") sues to enforce a forum selection clause against Zync Inc. ("Zync"). Compl. (dkt. 1). Zync and BMW of North America, LLC ("BMW NA"), BMW's subsidiary, initially entered into a Pilot Project Agreement ("PPA") for in-vehicle infotainment technology. Id. ¶ 18. That agreement was subject to the terms of BMW's and Zync's prior confidentiality agreement ("NDA"), which contained a forum selection clause and choice-of-law provision. Id. ¶ 21. Those terms state that the agreement "shall be governed by the laws of the Federal Republic of Germany and the exclusive place of jurisdiction shall be Munich, unless a different place of jurisdiction is required by mandatory law." Id.

Eventually, the partnership soured and Zync sued BMW NA in state court on April 14, 2025, claiming that BMW NA misappropriated its trade secrets. Compl. ¶ 25. BMW NA moved to dismiss the action based on the NDA's forum selection clause. Id. ¶ 26. Before the state court reached a decision on BMW NA's motion to dismiss, Zync filed a complaint against BMW and BMW NA with the International Trade Commission ("ITC") on February 23, 2026, premised on the same theory as the state action. Id. ¶ 28. On May

12, 2026, the state court granted BMW NA's motion and dismissed the case on forum selection grounds. Id. ¶ 29. The ITC proceedings are ongoing.

BMW moved for a temporary restraining order ("TRO") enjoining Zync from participating in the ITC action until the Court can resolve BMW's preliminary injunction motion. Mot. (dkt. 10). Zync opposes. Opp'n (dkt. 19). The Court **GRANTS** BMW's motion and enjoins Zync from participating in the ITC action for 14 days. The Court will hear argument on BMW's motion for a preliminary injunction on June 22, 2026.

## I.   LEGAL STANDARD

A party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The "[l]ikelihood of success on the merits 'is the most important Winter factor.'" Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015)).

## II.   DISCUSSION

The Court finds that all Winter factors have been met here. Each factor is examined in turn.

### A.   Likelihood of Success on the Merits

Just like the state court, this Court concludes that the NDA's forum selection clause is valid and applicable to the ITC action. See Dkt. 1-3 ("If Zync wishes to pursue this litigation, it must do so in Munich, Germany."). "A forum selection clause is presumptively valid." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). The NDA explicitly applies "to all and any confidential information, including Trade Secrets, directly or indirectly disclosed by a Party or a Connected Company of a Party in connection with the Project." NDA (dkt. 1-1) at 2. Zync's ITC complaint plainly arises out of confidential information and trade secrets BMW purportedly stole for itself. See Dkt. 1-6. Indeed, Zync admitted that the ITC action overlapped with the state court case—

United States District Court
Northern District of California

which was dismissed based on the forum selection clause—and asserted "the same trade secret misappropriation allegations and nearly the same tortious interference allegations." Dkt. 10-4.

Consequently, the Court finds that BMW has established a likelihood of success on the merits.

### B.      Irreparable Harm

"Courts around the country regularly hold that the 'depriv[ation] of [a] bargained-for choice of forum' constitutes irreparable harm sufficient to support an injunction." Google, 2025 WL 964692 at *11 (quoting Nippon Shinyaku Co. v. Sarepta Therapeutics, Inc., 25 F.4th 998, 1008 (Fed. Cir. 2022)).  And "an ITC proceeding can have a direct and significant impact on a responding party."  General Protecht Group, 651 F.3d at 1364 (emphasis in original) (affirming finding of irreparable harm where a party was litigating before the ITC and other courts despite a forum selection clause).  Accordingly, the Court finds that BMW has shown irreparable harm.

### C.      Balance of the Equities

The balance of the equities tips in BMW's favor.  As discussed, BMW would face hardship by being deprived of its forum selection clause and litigating in multiple forums. Moreover, "[h]aving contracted for a specific forum, [Zync] should not be heard to argue that the enforcement of the contract into which it freely entered would cause hardship." General Protecht Group, 651 F.3d at 1365.  And Zync has not demonstrated that it would not get substantially similar relief in Germany.

### D.      Public Interest

The public interest factor also weighs in BMW's favor.  "Public policy strongly favors the enforcement of forum selection clauses." Koken v. Stateco Inc., No. C 05-03007 JF, 2006 WL 2918050, at *8 (N.D. Cal. Oct. 11, 2006).

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** BMW's motion for a temporary restraining order.  Nothing in this order is to be construed as limiting the ITC's

management over the action before it or its ability to resolve motions—like BMW's termination motion—that are already pending.  BMW is ordered to pay a bond of $1,000 pursuant to Federal Rule of Civil Procedure 65(c).

**IT IS SO ORDERED.**

Dated: June 12, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California