IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG,<br><br>     Plaintiff,<br><br>    v.<br><br>ZYNC INC.,<br><br>     Defendant. | Case No.  26-cv-05274-CRB<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** |

Bayerische Motoren Werke Aktiengesellschaft ("BMW") sues to enforce a forum selection clause against Zync Inc. ("Zync").  Compl. (dkt. 1).  Zync and BMW of North America, LLC ("BMW NA"), BMW's subsidiary, initially entered into a Pilot Project Agreement ("PPA") for in-vehicle infotainment technology.  Id. ¶ 18.  That agreement was subject to the terms of BMW's and Zync's prior confidentiality agreement ("NDA"), which contained a forum selection clause and choice-of-law provision.  Id. ¶ 21.  Those terms state that the agreement "shall be governed by the laws of the Federal Republic of Germany and the exclusive place of jurisdiction shall be Munich, unless a different place of jurisdiction is required by mandatory law."  Id.

Eventually, the partnership soured and Zync sued BMW NA in state court on April 14, 2025, claiming that BMW NA misappropriated its trade secrets.  Compl. ¶ 25.  BMW NA moved to dismiss the action based on the NDA's forum selection clause.  Id. ¶ 26.  Before the state court reached a decision on BMW NA's motion to dismiss, Zync filed a complaint against BMW and BMW NA with the International Trade Commission ("ITC") on February 23, 2026, premised on the same theory as the state action.  Id. ¶ 28.  On May

12, 2026, the state court granted BMW NA's motion and dismissed the case on forum selection grounds. Id. ¶ 29.

BMW moved for a temporary restraining order and preliminary injunction enjoining Zync from participating in the ITC action to halt the process before the Court can resolve BMW's anti-injunction motion. Mot. (dkt. 10). Zync opposed. Opp'n (dkt. 19). This Court granted BMW's motion for a temporary restraining order on June 12, 2026. Dkt. 29. The ITC proceedings are currently stayed pending the resolution of BMW's motion for a preliminary injunction. Dkt. 34. The parties both filed additional briefs following the temporary restraining order. Reply (dkt. 41); Sur-reply (dkt. 40); Second Reply (dkt. 44-2). The Court **GRANTS** BMW's motion.

## I.     LEGAL STANDARD

A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The "[l]ikelihood of success on the merits 'is the most important Winter factor.'" Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015)).

## II.     DISCUSSION

The Court finds that all Winter factors have been met. Each factor is examined in turn.

### A.     Likelihood of Success on the Merits

Just like the state court, this Court concludes that the NDA's forum selection clause is valid and applicable to the ITC action. See State Ruling (dkt. 1-3) ("If Zync wishes to pursue this litigation, it must do so in Munich, Germany.")

"A forum selection clause is presumptively valid." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). A party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that

the clause was invalid for such reasons as fraud or overreaching." Id.  As Zync's counsel argued at the motion hearing, Zync's main challenge to the validity of the clause is that the NDA is a contract of adhesion.  See also Opp'n at 2.  In her declaration, Rana Sobhany, Zync's Chief Executive Officer, states that BMW "presented the NDA to Zync as a pre-signed, non-negotiable document."  Sobhany Decl. (dkt. 18) ¶ 13.  But "take it or leave it" contracts "do not necessarily render a forum-selection clause unenforceable." E. Bay Women's Health, Inc. v. gloStream, Inc., 2014 WL 1618382, at *4 (N.D. Cal. Apr. 21, 2014); see also Jocer Enters., Inc. v. Compass Constr., Inc., 2017 WL 4011134, at *3 (C.D. Cal. Sept. 12, 2017) ("[F]ederal law makes clear that even forum selection clauses included in contracts of adhesion are enforceable.").  Indeed, the state court agreed that the clause was valid and enforceable.  See State Ruling.  And Zync does not provide any compelling reason that the forum selection clause itself is unreasonable.

Moreover, the NDA covers the issues in the ITC action.  The NDA explicitly applies "to all and any confidential information, including Trade Secrets, directly or indirectly disclosed by a Party or a Connected Company of a Party in connection with the Project."  NDA (dkt. 1-1) at 2.  Zync's ITC complaint plainly arises out of confidential information and trade secrets BMW purportedly stole for itself in violation of the NDA. See ITC Complaint (dkt. 1-6) ¶ 81 ("Unbeknownst to Zync at the time, while BMW was conveying optimism about the partnership, BMW was simultaneously preparing to distribute Zync's proprietary materials to third parties.").  Zync attempts to escape the scope of the NDA by arguing that its ITC claims are independent from the NDA and do not require contract interpretation to reach the merits.[1]  See Sur-reply at 9–11.  But Zync's ITC complaint makes clear that its claims directly arise out of the parties' rights under the PPA and the NDA.  See ITC Complaint ¶ 66 ("BMW NA expressly agreed that it would not use Zync's Platform or related information for any purpose beyond the pilot

_____

[1] Zync asserts that both German and federal law requires narrow interpretations of forum selection clauses and that ambiguity must be resolved against the drafter.  Sur-reply at 8.  The Court agrees with that principle but does not find such ambiguity here.

United States District Court
Northern District of California

evaluation."); see also Kalbfus Decl. (dkt. 44-6) ¶ 10 (noting that German courts interpret forum selection clauses "as covering not only contractual claims but also concurring tort claims"). Moreover, when seeking a continuance for its anticipated motion to stay in state court, Zync admitted that the ITC action overlapped with the state case—which was dismissed based on the forum selection clause—and asserted "the same trade secret misappropriation allegations and nearly the same tortious interference allegations." Dkt. 10-4. Zync cannot represent that its ITC action is distinct before this Court when it argued the opposite before another.

Zync raises two primary arguments against the forum selection clause: exception and waiver. See Opp'n at 6–7.

### 1.      Exception

Zync points to the clause's explicit exception for jurisdiction required by mandatory law. NDA at 5. It argues that Section 337 of the Tariff Act of 1990 gives the ITC "exclusive authority to investigate unfair trade practices involving imported goods." Opp'n at 7. But the law and Zync's own conduct demonstrate that Section 337 does not require ITC jurisdiction.

While the ITC is certainly a government entity empowered to investigate unfair import trade practices, it is by no means a mandatory forum. For starters, Section 337 itself explains how the ITC does not have exclusive authority or jurisdiction, particularly in light of forum selection clauses. The ITC can, "on the basis of an agreement between the private parties to the investigation, including an agreement to present the matter for arbitration, terminate any [] investigation, in whole or in part."[2] 19 U.S.C. § 1337(c). The ITC itself has recognized this statutory provision. See Certain Color Intraoral Scanners and Related Hardware & Software, No. 337-TA-1091, Order No. 23, at 10 (May 18, 2018) (Dkt. 10-5) at 4–5 (Cheney, Chief ALJ) ("The 'agreement between the parties' delineated in section 337(c) can be an agreement formed prior to the investigation . . . . A negotiated

---

[2] That the ITC is still considering BMW's motion to terminate and earlier request to decline institution highlights the relevance of the statutory context for Zync's argument.

United States District Court
Northern District of California

forum selection clause . . . may inform the basis for terminating an investigation.").

It is also understood that "actions before [a] district court and the ITC can proceed in parallel." Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc., 2018 WL 8222261, at *1 (C.D. Cal. Dec. 20, 2018). Congress recognized this possibility when it permitted parties before the ITC to request a stay of parallel court proceedings. See 28 U.S.C. § 1659(a) (permitting a request for a stay 30 days after a party is named a respondent before the ITC or 30 days after a district court action is filed). Moreover, the Federal Circuit has recognized that the ITC does not have exclusive jurisdiction when it affirmed an injunction requiring a party to withdraw an ITC complaint in light of a forum selection clause.[3] Gen. Protecht Grp., Inc. v. Leviton Mfg. Co., 651 F.3d 1355, 1366 (Fed. Cir. 2011).

Further, Zync's conduct in this case demonstrates its understanding that ITC jurisdiction is not required. Zync itself first filed in state court, rather than before the ITC. And when seeking a continuance based on its intended motion to stay, Zync never brought up its argument that Section 337 mandated jurisdiction before the ITC.

Zync makes additional, unpersuasive arguments. Zync points to its German law expert, Dr. Bernhard Arnold, who concluded that "Section 337 falls within [the NDA's] mandatory-law carveout." Sur-reply at 6. But Dr. Arnold offered his opinion assuming "that the ITC rejects attempts to challenge its competence based solely on forum choice." Arnold Decl. (dkt. 40-1) ¶ 26. As discussed, Section 337 does permit the ITC to terminate investigations solely based on forum selection clauses.

Zync also focuses on the types of relief available. Notwithstanding the fact that available relief has nothing to do with whether jurisdiction is required, the Court addresses these points. Zync argues that "[o]nly the ITC can investigate Section 337 unfair importation claims and issue an exclusion order directed to unfairly traded imports at the

---

[3] Zync attempts to distinguish General Protecht by pointing out that it "did not involve a mandatory-law carveout." Sur-reply at 8. But that misses the point. If the ITC truly had exclusive, required jurisdiction, it would not matter that there was no mandatory law exception in the forum selection clause at-issue.

U.S. border." Sur-reply at 6. That is incorrect. While it is true that "the ITC can issue exclusion orders," it is also true that courts have "the authority to issue the same forms of relief as the ITC." Freres v. Yucheng Lujian Biological Co., 2009 WL 3135175, at *2 (D.N.J. Sept. 25, 2009). Additionally, Zync asserts that German courts "cannot replicate Section 337's sovereign border remedy." Sur-reply at 7. But as BMW points out, German courts can grant injunctive relief for trade secret claims. See Reply at 5 (discussing Section 6 of the Trade Secrets Protection Act (GeschGehG)); see also Arnold Decl. ¶ 35 (same). Moreover, Zync could potentially have a district court recognize a German judgment and then "take the additional step of requesting the U.S. Customs Service to enforce the district court judgment by seizing the offending goods." See Texas Instruments Inc. v. Tessera, Inc., 231 F.3d 1325, 1330 (Fed. Cir. 2000) (noting that ITC enforcement is faster but that a plaintiff can still obtain exclusionary relief through courts).

Accordingly, the Court is not persuaded by Zync's argument.

### 2. Waiver

Zync also makes arguments related to BMW's purported waiver by filing in this Court, rather than Germany.

First, Zync asserts that BMW waived its rights under the forum selection clause by litigating in the ITC and then filing this action. Not so. "Courts find waiver only where a party has taken actions inconsistent with [a forum selection clause], or delayed its enforcement, and enforcement would prejudice other parties." Google LLC v. NAO Tsargrad Media, 2025 WL 964692, at *9 (N.D. Cal. Mar. 31, 2025) (citation modified), appeal dismissed, 2025 WL 4704152 (9th Cir. Dec. 17, 2025). That is not the case here. To the contrary, BMW (and BMW NA) has consistently acted to enforce the clause. BMW sought dismissal based on the forum selection clause both before the state court and the ITC—forums where Zync filed claims. See Opp'n at 4. The state court agreed with BMW and the ITC declined to reach the merits at that stage. Id. Even before this Court, BMW seeks to enforce the parties' forum selection clause. See Compl; cf. Applied Med. Distribution Corp. v. Surgical Co. BV, 587 F.3d 909, 919 (9th Cir. 2009) ("Anti-suit

6

injunctions may be the only viable way to effectuate valid forum selection clauses."). That is not conduct establishing a waiver.

Without citation to legal authority, Zync argues that BMW's requested relief is fatal because a Munich court cannot enjoin parties before the ITC. Sur-reply at 11. The Court does not see how that is relevant to the enforceability of the forum selection clause at issue, particularly where Zync has now filed in two separate forums (and lost in one) that are not in Munich.

Consequently, the Court finds that BMW has established a likelihood of success on the merits.[4]

### B.   Irreparable Harm

"Courts around the country regularly hold that the 'depriv[ation] of [a] bargained-for choice of forum' constitutes irreparable harm sufficient to support an injunction." Google, 2025 WL 964692 at *11 (quoting Nippon Shinyaku Co. v. Sarepta Therapeutics, Inc., 25 F.4th 998, 1008 (Fed. Cir. 2022)); Interdigital Tech. Corp. v. Pegatron Corp., 2015 WL 3958257, at *9 (N.D. Cal. June 29, 2015) (same). And "an ITC proceeding can have a direct and significant impact on a responding party." General Protecht Group, 651 F.3d at 1364 (emphasis in original) (affirming finding of irreparable harm by litigating before the ITC and other courts despite a forum selection clause).

But Zync is correct that BMW's delay cuts against it. As Zync notes, BMW did not seek relief before this Court until after the state court found in its favor, even though it plainly knew about its forum selection clause from the very start. See Sur-reply at 14. That being said, BMW's delay was not so substantial as conduct in other cases where parties waived their rights to forum selection clauses. See Media Matters for Am. v. X Corp., 2025 WL 3688854, at *2 (9th Cir. Dec. 19, 2025) (active litigation for over a year

---

[4] Zync also challenges BMW's motion by asserting that mandatory injunctive relief would not preserve the status quo, as pausing an investigation dismantles the status quo, rather than preserving it. Opp'n at 5. But anti-suit injunctions based on valid forum selection clauses are considered proper because "there is an absence of a legal remedy" without them. Interdigital Tech. Corp. v. Pegatron Corp., 2015 WL 3958257, at *9 (N.D. Cal. June 29, 2015).

before invoking forum selection clause).

Accordingly, the Court finds that BMW has shown irreparable harm.

### C.    Balance of the Equities

The balance of the equities tips in BMW's favor.  As discussed, BMW would face hardship by being deprived of its forum selection clause and litigating in multiple forums.  Moreover, "[h]aving contracted for a specific forum, [Zync] should not be heard to argue that the enforcement of the contract into which it freely entered would cause hardship."  General Protecht Group, 651 F.3d at 1365.  And Zync has not demonstrated that it would be unable to get substantially similar relief from an action in Munich.

### D.    Public Interest

The public interest factor also weighs in BMW's favor.  "Public policy strongly favors the enforcement of forum selection clauses."  Koken v. Stateco Inc., 2006 WL 2918050, at *8 (N.D. Cal. Oct. 11, 2006).  While Zync is correct that the public has an interest in the ITC's protection, it does not change the calculus here.  See Sur-reply at 17–18.  As discussed, courts can just as easily address the goals of the ITC—that is why there are parallel cases and why courts have enjoined parties from engaging in ITC actions before.  Indeed, Section 337 itself recognizes the policy in favor of forum selection clauses as it explicitly permits termination of investigations based only on forum selection clauses.  See 19 U.S.C. § 1337(c).

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** BMW's motion for a preliminary injunction.  Zync must request a stay of the ITC proceedings until the state court appeal is resolved, when the state judgement becomes final if affirmed.[5]

Additionally, BMW is ordered to pay a bond of $10,000 pursuant to Federal Rule of

---

[5] Zync asserts that BMW NA is an indispensable party and that BMW did not include BMW NA as a party because it "would destroy diversity jurisdiction."  See Sur-reply at 12 n.4.  But that would exclude BMW NA as a required party under Federal Rule of Civil Procedure 19, as joinder would deprive the Court of subject-matter jurisdiction.  See Fed. R. Civ. P. 19(a).  Nevertheless, the Court's injunction binds Zync, which is a party before the Court.  See Fed. R. Civ. P. 65(d)(2)(A).

United States District Court
Northern District of California

Civil Procedure 65(c).

**IT IS SO ORDERED.**

Dated: June 22, 2026

_____
CHARLES R. BREYER
United States District Judge